UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED MARINE SHIPYARD, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-392 |
| | § | |
| GRYPHON ENERGY ASIA PACIFIC SDN BHD, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On January 14, 2011, the Court held an initial pretrial conference ("IPTC") in the above-styled action. At the IPTC, the Court considered the following motions: (1) Hummingbird Energy (L) Inc.'s Oral Motion to Intervene; (2) Defendant Gryphon Energy Asia Pacific SDN BHD's Motion for Countersecurity (D.E. 24); and (3) Plaintiff's Opposed Motion to Abate Pending Arbitration (D.E. 27).

During the IPTC, Hummingbird Energy (L) Inc. orally moved to intervene, as the owner of one of the drilling rigs upon which this action is based. The Court GRANTS Hummingbird Energy (L) Inc.'s Oral Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b)(1)(B).

With respect to Defendant Gryphon Energy Asia Pacific SDN BHD's Motion for Countersecurity (D.E. 24), the Court finds that the posting of countersecurity by Plaintiff in this action is not warranted. Supplementary Admiralty Rule E(7)(a) provides in relevant part: "[w]hen a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give

security for damages demanded in the counterclaim **unless the court for cause shown, directs otherwise**." Supp. Adm. R. E(7)(a) (emphasis added). The "determination of 'for cause shown' is relegated to the sound discretion of the district court." Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987); see also Bunker Holdings, Ltd. v. M/V ARKHANGELSK, 2008 WL 183339, at *1 (S.D. Tex. Jan. 18, 2008) (A "court has discretion whether to require countersecurity and, if so, how much."). Here, the Court recognizes that Plaintiff United Marine Shipyard, LLC is Texas business entity, headquartered and located in Texas, and poses no risk of flight or dissipation. The Court therefore, in its discretion, DENIES Defendant Gryphon Energy Asia Pacific SDN BHD's Motion for Countersecurity (D.E. 24).

Finally, the Court considers Plaintiff's Opposed Motion to Abate Pending Arbitration (D.E. 27).[1] Defendant does not object to the substance of this motion, but rather seeks to have its resolution delayed only until all interested parties are before the Court and until all issues involving countersecurity are resolved. The Court, having resolved issues related to intervention and countersecurity, GRANTS Plaintiff's Opposed Motion to Abate Pending Arbitration. (D.E. 27.) The Court ORDERS that the above

---

[1] The parties entered into a "Contract for Rig Repair to H191 and H255." Under Section 23 of this Contract, Plaintiff and Defendant agreed that any and all claims arising out of the Contract should be exclusively resolved by binding arbitration. The clause provides in relevant part:

> 23.1 A "Claim" for purposes of this Agreement is the demand or assertion by one of the parties seeking as a matter of right payment of money or other relief with respect to the terms of the Agreement. Claim also includes other disputed matters in question between the OWNER and CONTRACTOR arising out of or related to the agreement or performance thereunder.
>
> 23.2 The parties agree to submit to binding arbitration regarding Claims made by either of them. . . .
>
> 23.3 Any arbitration pursuant hereto shall be conducted in neutral territory.

The parties modified the agreement on December 13, 2010, to state that the arbitration will be conducted in Houston, Texas with three arbitrators.

styled and numbered civil action, and any other current or future disputes or controversies between Plaintiff United Marine Shipyard LLC and Defendant Gryphon Energy Asia Pacific SDN BHD, and all other interested parties herein, including but not limited to Garuda Energy (L), Inc. and Hummingbird Energy (L), Inc., arising out of or related to the Contract for Rig Repair to H191 and H255, or the relationship created thereby, are HEREBY ABATED, pending arbitration.

The Court thus (1) GRANTS Hummingbird Energy (L) Inc.'s Oral Motion to Intervene, (2) DENIES Defendant Gryphon Energy Asia Pacific SDN BHD's Motion for Countersecurity (D.E. 24), and (3) GRANTS Plaintiff's Opposed Motion to Abate Pending Arbitration (D.E. 27).

SIGNED and ORDERED this 14th day of January, 2011.

_____
Janis Graham Jack
United States District Judge